IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE H. FILES, #25842-045, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | No. 3:23-cv-01534-K (BT) |
| FNU RIVERS, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Wayne H. Files—a federal prisoner proceeding *pro se* and *in forma pauperis*—sued the Warden of FCI-Seagoville pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his confinement amounts to cruel and unusual punishment. As explained below, Files's case should be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.[1]

**Background**

Files is 86 years old with a projected release date of September 22, 2030. ECF No. 3 at 1; https://www.bop.gov/mobile/find_inmate/#inmate_results (last visited February 7, 2024). He claims that he experiences "advanced-age

---

[1] Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate.

progression," including an increased risk of dangerous falls in the prison environment. ECF No. 3 at 1. He alleges that he suffered six falls in the months leading up to the filing of this lawsuit caused by a "multitude of broken, cracked, crumbling, and uneven raised sidewalks" that prison administrators knew about but failed to correct. ECF No. 3 at 4. Files claims that he suffered "severe" injuries because of these falls. ECF No. 3 at 4.

According to Files, FCI-Seagoville is "spread out much like a college campus" making it difficult for him to navigate given his age and injuries to his lungs. ECF No. 3 at 4. He specifically notes FCI-Seagoville's failure to evaluate him as a fall risk and its deviation from Bureau of Prisons (BOP) policy to provide "special or mitigating care" to qualifying elderly prisoners such as himself. ECF No. 3 at 7-8. He claims that the Warden, in denying his requests for release to home confinement, "displays prejudice and discrimination" against him because he is a sex offender and is deliberately indifferent to the serious risk of harm that he faces as an elderly prisoner. ECF No. 3 at 7-8.

Files also alleges that he suffers from "a myriad" heart and respiratory conditions that cause dizziness, mobility issues, and difficulty breathing. ECF No. 3 at 1, 4; ECF No. 8 at 1.

Files argues that, in light of the prison conditions described above, the fact that he has served most of his sentence, his advanced age, his nonviolent status, his proposed release plan, and his exemplary prison record, his continued

2

confinement amounts to cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 3 at 1, ECF No. 5 at 3-4; ECF No. 8 at 1.

As relief, he seeks only a release to home confinement. ECF No. 3 at 3; ECF No. 5 at 4; ECF No. 8 at 3.

**Legal Standards**

Files's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915(A)(a) and (b).

And under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Files's Eighth Amendment *Bivens* claim fails because: (1) it arises in a new context, and there are special factors counseling against extending *Bivens* to that context; and (2) release to home confinement is not an available remedy under *Bivens*.

1. Files's Eighth Amendment *Bivens* claim is not cognizable because it presents a new context, and special factors counsel against extending *Bivens* to that context.

In *Bivens*, the Supreme Court found that the Constitution itself supplied a cause of action for money damages against a federal officer for "manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (citing *Bivens*, 402 U.S. at 389-90). Following *Bivens*, the Supreme Court twice more found a cause of action arising directly under the Constitution: In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court extended *Bivens* to "discrimination on the basis of sex against a staff person in violation of the Fifth Amendment"; and in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court extended *Bivens* to the "failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Oliva*, 973 F.3d at 442. (citing *Davis*, 442 U.S. at 228; *Carlson*, 446 U.S. at 14).

But since then, the Supreme Court has retreated from the implied-cause-of-action theory underpinning *Bivens*. It has said that "*Bivens* was the product of an '*ancien regime*' that freely implied rights of action," but "[t]hat regime ended long ago." *Id.* (citing *Ziglar v. Abbasi,* ---U.S.---, 137 S. Ct. 1843, 1855-56 (2017) (quoting in turn *Alexander v. Sandoval,* 532 U.S. 275, 287 (2001)); *see also Egbert v. Boule,* 596 U.S. 482, 491 (2022) (explaining that the Supreme Court is now long past "the heady days in which [it] assumed common-law powers to create causes of action") (citing *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 75 (2001) (J. Scalia, concurring)). "At bottom, creating a cause of action is a legislative endeavor. Courts engaged in that unenviable task must evaluate a 'range of policy considerations . . . at least as broad as the range . . . a legislature would consider.'" *Egbert,* 596 U.S. at 491 (quoting *Bivens,* 403 U.S. at 407) (Harlan, J. concurring in judgment) (further citation omitted). Congress is much better suited than the judiciary for weighing those considerations. *Id.* (citing *Schweiker v. Chilicky,* 487 U.S. 412, 425 (1988)). And for those reasons, recognizing a cause of action under *Bivens* is now "a disfavored judicial activity." *Ziglar,* 137 S. Ct. at 1856-57 (internal quotation marks omitted).

Accordingly, a two-step inquiry guides a court's analysis of a proposed *Bivens* claim. *Egbert,* 596 U.S. at 492 (citing *Hernandez v. Mesa,* ---U.S.---, 140 S. Ct. 735, 742-43 (2020)). First, the court should ask whether the case presents "'a new *Bivens* context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* (citing *Ziglar,* 137 S. Ct. at

5

1859-1860). "Virtually everything else" besides the circumstances of the original *Bivens* trilogy is a new context. *See Oliva,* 973 F.3d at 442 (citing *Ziglar*, 137 S. Ct. at 1865) (explaining that "the new-context inquiry is easily satisfied"). To determine whether a case is meaningfully different for *Bivens* purposes, the Supreme Court created a non-exhaustive list of examples:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Ziglar*, 137 S. Ct. at 1859-60.

Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are "'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert,* 596 U.S. at 492 (citing *Ziglar*, 137 S. Ct. at 1858) (internal quotation marks omitted). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez,* 140 S. Ct. at 743). And "[i]f there are alternative remedial schemes in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 493 (internal quotation marks and citation omitted).

6

Files's claim—that his continued incarceration given his age, prison record, offender status, release plan, and the dangerous conditions of his confinement violates the Eighth Amendment—presents a new *Bivens* context. Factually, Files's claim is nothing like those presented in the *Bivens* trilogy.

And it is not determinative that the claim arises, like the claim in *Carlson*, under the Eighth Amendment. *See*, *e.g.*, *Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) ("Here, although Byrd alleges violations of the Fourth Amendment, as did the plaintiff in *Bivens*, Byrd's lawsuit differs from *Bivens* in several meaningful ways."). Files's claim is distinguishable from the *Bivens* context in *Carlson* because it depends on the constitutionality of his conditions of his confinement, not his medical care. "Generally, courts have held that *Bivens* will not be extended to non-medical care conditions-of-confinement claims." *Salinas v. Aleman*, 2022 WL 18402301, at *3 (S.D. Tex. Nov. 18, 2022), *rec. accepted* 2023 WL 361871 (S.D. Tex. Jan. 23, 2023) (citing *Stone v. Wilson*, 2021 WL 2936055, at *6 (N.D. Tex. July 13, 2021)); *see also Cohen v. Trump*, 2024 WL 20558, at *3 (2d Cir. Jan. 2, 2024) ("To the extent that Cohen contends that his Eighth Amendment claim does not arise in a new context because—like in *Carlson*—he also sues prison officials, Cohen's claim presents only 'superficial similarities' to *Carlson*, which is 'not enough to support the judicial creation of a cause of action.'") (citing *Egbert*, 596 U.S. at 495).

Having concluded that the claim presents a new *Bivens* context, the next question is whether there are special factors counseling against the extension of

7

*Bivens* to this new context. There are. "First, the [BOP's] administrative remedy procedure provides an alternate method of relief." *Bush v. Watson,* 2022 WL 2072227, at *3 (E.D. Tex. Apr. 11, 2022), *rec. accepted* 2022 WL 2071066 (E.D. Tex. June 8, 2022) (citing *Watkins v. Carter,* 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021)). And in some cases, the Federal Tort Claims Act also provides an avenue to pursue monetary claims for damages for negligent or wrongful acts committed by government employees. *Id.* (citing *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021)).

Second, "the separation of powers is [a] special factor weighing against extending *Bivens* because Congress has had the occasion to consider prisoner rights, but has not legislated to extend the reach of *Bivens*." *Id.* (citing *Watkins v. Three Admin. Remedy Coordinators,* 998 F.3d 682, 685-86 (5th Cir. 2021.)).

Because it would require extension of the *Bivens* remedy to a new context, and because there are factors counseling against such an extension, Files's Eighth Amendment *Bivens* claim is not cognizable and should be dismissed with prejudice.[2]

---

[2] Files claims that a judge in the Western District of Missouri endorsed the viability of his *Bivens* claim when he noted, in an order denying Files's motion for compassionate release, that Files's conditions of confinement claims should be presented in a *Bivens* claim and not a compassionate release motion. *See United States v. Wayne H. Files*, Case No. CR-03068-01-MDH (W.D. Mo. June 13, 2023). The Court disagrees that the Western District of Missouri Court endorsed Files's *Bivens* claim. That *Bivens* provides the theoretical vehicle for federal prisoners to obtain monetary damages for unconstitutional conditions of confinement—as opposed to a habeas application or compassionate release motion—does not mean that *Bivens* extends to such claims. As explained here, it does not.

> 2. Even if *Bivens* extended to Files's claim, he still could not obtain a transfer to home confinement.

Even if *Bivens* relief extended to the kind of Eighth Amendment claim that Files presents, he still could not obtain a transfer to home confinement—the only relief that he seeks—because such relief is unavailable under *Bivens*. *See, e.g.*, *Washburn v. Renick*, 2023 WL 9112476, at *10 (S.D.W.V. Mar. 8, 2023), *rec. accepted* 2024 WL 69916 (S.D.W.V. Jan. 5, 2024) ("An action for money damages [under *Bivens*] may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Release from custody, or placement in home confinement, is not an available remedy under *Bivens*."); *see also Bruce v. Carvajal*, 2020 WL 7334502, at *3 (M.D. Fla. Dec. 14, 2020) (injunctive relief in the form of an order directing the BOP to transfer qualifying inmates to home confinement is unavailable under *Bivens*).

Files's *Bivens* claim also fails for this independent reason.

### Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.*

Here, Files submitted an amended complaint and responded to a magistrate judge questionnaire. ECF No. 5; ECF No. 8. A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant

9

to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam). Further, Files's *Bivens* claim is not cognizable, and further amendment would not change that. Because Files has pled his best case, and because leave to amend would be futile, further leave to amend is not warranted.

## Recommendation

The Court should dismiss Files's case with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

SO RECOMMENDED.

February 7, 2024.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).